B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>THURMAN VASSEY TRUCKING, INC. | **DEFENDANTS**<br>EAST COAST TRAILER & EQUIPMENT CO., INC.; YAMEL CALLEJA |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br><br>WILLIAM S. GARDNER<br>320-1 E. GRAHAM ST.<br>SHELBY, NC 28150 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>**X** Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor     ☐☐ U.S. Trustee/Bankruptcy Admin<br>**X** Creditor     ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
**COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY**

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) – Recovery of Money/Property | FRBP 7001(6) – Dischargeability (continued) |
|---|---|
| ☐ 11- Recovery of money/property - §542 turnover of property | ☐ 61-Dischargeability - §523(a)(5), domestic support |
| ☐ 12- Recovery of money/property - §547 preference | ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury |
| ☐ 13- Recovery of money/property - §548 fraudulent transfer | ☐ 63-Dischargeability - §523(a)(8), student loan |
| **X** 14- Recovery of money/property – other | ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien** | ☐ 63-Dischargeability - other |
| ☐ 21-Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) – Injunctive Relief** |
| **FRBP 7001(3) – Approval of Sale of Property** | ☐ 71-Injunctive relief – reinstatement of stay |
| ☐ 31-Approval of sale of property of estate and of a co-owner-§363(h) | ☐ 72-Injunctive relief – other |
| **FRBP 7001(4) – Objection/Revocation of Discharge** | **FRBP 7001(8) – Subordination of Claim or Interest** |
| ☐ 41-Objection / revocation of discharge - § 727(c), (d), (e) | ☐ 81-Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation** | **FRBP 7001(9) – Declaratory Judgment** |
| ☐ 51-Revocation of confirmation | ☐ 91-Declaratory judgment |
| **FRBP 7001(6) – Dischargeability** | **FRBP 7001(10) – Determination of Removed Action** |
| ☐ 66-Dischargeability - §523(a)(1), (14), (14A) priority tax claims | ☐ 01-Determination of removed claim or cause |
| ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud | **Other** |
| ☐ 67-Dischargeability-§523(a)(4),fraud as fiduciary, embezzlement, larceny | ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.* |
| (continued next column) | ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) **STAY VIOLATION** |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ **TO BE DETERMINED BY THE COURT** |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>THURMAN VASSEY TRUCKING, INC. | BANKRUPTCY CASE NO.<br>18-40013 | |
| DISTRICT IN WHICH CASE IS PENDING<br>WESTERN DISTRICT OF NORTH CAROLINA | DIVISIONAL OFFICE<br>SHELBY | NAME OF JUDGE<br>J. CRAIG WHITLEY |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

*[signature]*

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 10/10/2018 | WILLIAM S. GARDNER |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing a adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs this information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION

IN THE MATTER OF:

NAME:     THURMAN VASSEY TRUCKING, INC.     CHAPTER 11 NO. 18-40013

ADDRESS:  116 LAREN RD
          SHELBY, NC 28152-0763

EIN:      20-2353568

DEBTOR(S).

---

THURMAN VASSEY TRUCKING, INC.

Plaintiff,

versus

EAST COAST TRAILER & EQUIPMENT CO., INC.

Defendants

---

### Complaint Seeking Damages in Core Adversary Proceeding
### For Violation of the Automatic Stay
### (Trailer Repossession)

#### Introduction

1. This is an action for actual damages filed by the debtor pursuant to Section 362 and Section 541 of the Bankruptcy Code.

#### Jurisdiction and Venue

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtors in that case.

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code, and pursuant to the Order entered by the Judges of the United States District Court for the Western District of North Carolina on July 30, 1984 (the Referral Order), which Order was entered in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984.

4. This Court has supplemental jurisdiction to hear any state law claims pursuant to Section 1367 of Title 28 of the United States Code.

5. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

6. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

### Parties

7. The Plaintiff in this case was and is a debtor under Chapter 11 of Title 11 of the United States Code in case number 18-40013, which case is presently pending before this court. The Plaintiff is hereinafter referred to as the Plaintiff or the debtor.

8. The Defendant East Coast Trailer & Equipment Company, Inc., is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business located at 3800 Jeff Adams Drive, Charlotte, NC.

### Facts of Case

9. The debtor filed this case under chapter 11 of the United State Bankruptcy Code. The notice of filing was sent to the Defendant in this case as well as all other papers that have been filed in the case.

10. The debtor has been working on getting consent orders with creditors and making payments on secured debt. They have secured several orders and are making those payments. They also are working on a chapter 11 plan that should be filed shortly. As part of that process they have been trying to see which property they need and which property they might want to surrender. They have surrendered one piece of property.

11. Prior to the bankruptcy filing, the debtors needed to get the 2008 Wabash trailer repaired and they contracted East Coast Equipment to perform the repairs. At the same time, the company began to incur financial problems which would lead to the bankruptcy filing. They were not able to pay East Coast Equipment for the collateral prior to the bankruptcy being filed.

12. They were trying to decide if they wanted to pay the bill or could afford to pay it from their cash flow.

13. The lien holder on the trailer is Hanmi Bank. The debtors agreed to a consent order on this trailer plus the other property that is collateral for the loan with this creditor. This consent order was entered on April 10th, 2018. The debtors have been and are making payments under this order.

14. After securing that order and with the success and increase in their business, the debtors decided they may be able to pay the repair bill and get the trailer back in service. They had not heard anything form East Coast about the trailer nor had they filed anything in bankruptcy court. The debtors' attorney wrote a letter to East coast about terms for paying the bill and a status on the equipment.

15. East Coast responded that they had secured a mechanics lien on the property, transferred the title to the trailer to them, and sold the collateral to a third party. From the paperwork it appears they paid some of the funds to a lien holder called Axis Title company located in Nebraska.

16. The debtors promptly notified the lien holder Hanmi Bank and have commenced this action to recover the funds or the property. Hanmi Bank confirmed through counsel they were not paid any of the funds.

### Claim for Relief
### (Violations of the Automatic Stay and the Turnover Provisions)

17. The allegations in paragraphs 1 through 16 of this complaint are realleged and incorporated herein by this reference.

18.    The actions of the Defendants in perfecting the mechanics lien, transferring the title, and selling the collateral were all violations of 11 U.S.C. Section 362 and 11 U.S.C. Section 541.  These actions were done with knowledge of the bankruptcy filing, without any kind of relief from stay and without any proper notice under state law.

19.    The actions have damaged the Plaintiffs and also the lien holder in this case and have deprived them of some of the collateral that secures their loan.

20.    The Defendant should be ordered to turn over the trailer, funds in the amount of the value of the trailer, and pay damages and costs associated with this action.

**WHEREFORE,** the Plaintiff having set forth her claims for relief against the Defendants respectfully prays of the Court as follows:

A.    That the Plaintiff have and recover against the Defendants a sum to be determined by the Court in the form of actual damages;

B.    That the Plaintiff have and recover against the Defendants a sum to be determined by the Court in the form of statutory damages;

C.    That the Plaintiff have and recover against the Defendants all reasonable legal fees and expenses incurred by their attorney;

D.    That the Plaintiff have such other and further relief as the Court may deem just and proper.

This the 10th day of October 2018

*/s/ William S. Gardner*

William S. Gardner
Gardner Law Offices, PLLC
Attorney for the Debtor
NC State Bar No. 32684
320-1 Graham St.
Shelby, NC 28150
Phone (704) 600.6113 / FAX (888) 870.1644
e-mail:  billgardner@gardnerlawoffices.com